# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>HEATHER SHIRLEY,<br><br>　　　　Respondent. | Case No. 1:25-cv-00445-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS UNAUTHORIZED SUCCESSIVE PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new,

1

1  retroactive, constitutional right or (2) the factual basis of the claim was not previously
2  discoverable through due diligence, and these new facts establish by clear and convincing
3  evidence that but for the constitutional error, no reasonable factfinder would have found the
4  applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

5  However, it is not the district court that decides whether a second or successive petition
6  meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive
7  application permitted by this section is filed in the district court, the applicant shall move in the
8  appropriate court of appeals for an order authorizing the district court to consider the
9  application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can
10 file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–
11 57 (1996). This Court must dismiss any second or successive petition unless the Court of
12 Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter
13 jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

14 In the instant petition, Petitioner challenges his 2022 Fresno County Superior Court
15 conviction. (ECF No. 1 at 1.[1]) Petitioner previously filed a federal habeas petition in this Court
16 challenging the same conviction, and that petition was denied on the merits. See Briggs v.
17 Schuyler, No. 1:24-cv-00310-KES-SKO.[2] The Court finds that the instant petition is "second or
18 successive" under § 2244(b). Petitioner makes no showing that he has obtained prior leave from
19 the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth
20 Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's
21 renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton,
22 549 U.S. at 157.

## II.

## RECOMMENDATION & ORDER

25 Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of
26 habeas corpus be DISMISSED as an unauthorized successive petition.

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.
[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
2  Judge.

3  This Findings and Recommendation is submitted to the assigned United States District
4  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5  Rules of Practice for the United States District Court, Eastern District of California. Within
6  **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
7  written objections with the Court, **limited to fifteen (15) pages in length, including any**
8  **exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and
9  Recommendation." The assigned United States District Court Judge will then review the
10 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that
11 failure to file objections within the specified time may waive the right to appeal the District
12 Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.
13 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 28, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3